# CHARLESTON.

HOWARD. M. GORE, *Governor,* W. T. HENSHAW, *Commissioner of Health, and* G. F. DAUGHERTY, *Commissioner of Labor; being a Commission to hear appeals from awards made by the Workmen's Compensation Commissioner,*

*v.*

HON. ARTHUR P. HUDSON, *Judge, and* KELLEY AXE & TOOL COMPANY.

(No. 5754)

Submitted September 21, 1926.   Decided March 1, 1927.

MASTER AND SERVANT—*Awards by Compensation Commission Are Not Reviewable by Certiorari, Except for Action Without or in Excess of Jurisdiction (Acts 1925, c. 68, §57; Code, c. 15P, §§ 18, 43).*

Awards made by the Compensation Commission, under Section 57, Chapter 68 Acts, 1925, are not reviewable by writ of certiorari, except in cases where the Commission has acted without, or in excess of its, jurisdiction.

(Workmen's Compensation Acts, C. J. § 123.)

NOTE:   Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.

Original proceeding by Howard M. Gore, Governor, and others, composing a commission to hear appeals from awards by the Workmen's Compensation Commissioner, for prohibition to be directed to Hon. Arthur P. Hudson, Judge, and another.

*Writ awarded.*

*Howard B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for petitioners.

*Brown, Jackson & Knight,* for Kelley Axe & Tool Company.

Litz, Judge:

The Kelly Axe & Tool Company is a corporation engaged in the manufacture of axes and other tools in the city of Charleston. S. M. McClaskie while in the course of his employment as its servant, sustained an injury to his left eye. Kelley Axe & Tool Company being at the time of the injury a subscriber to the workmen's compensation fund, upon application of McClaskie the Compensation Commissioner awarded him, on account of said injury, a compensation for 3 1-7 weeks at $16.00 per week, or a total of $50.09. Unwilling to accept this allowance as compensation in full for his injury, McClaskie appealed from the award of the Compensation Commissioner to the commission created by Section 57, Chapter 68, Acts 1925, composed of the Governor, the Commissioner of Health, and the Commissioner of Labor, who, upon proper investigation, ascertained that the claimant had suffered, as a result of said injury, loss of sight in his left eye, and accordingly awarded him compensation for 132 weeks at $16.00 per week, or a total of $2,112.00. Thereupon the Kelly Axe & Tool Company obtained from the circuit court of Kanawha county a writ of certiorari to the action of said commission in awarding increased compensation to the claimant.

Upon application of the members of the commission a rule was awarded by a member of this Court against the Hon. Arthur P. Hudson, judge of the circuit court of Kanawha county, and Kelly Axe & Tool Company, to show cause, if any they or either of them can, why a writ of prohibition shall not be awarded, prohibiting said judge from further exercising jurisdiction pursuant to said writ of certiorari.

Section 43, Chapter 15-P, Code, provides that the compensation commissioner shall have full power and authority to hear and determine all questions within "This (his) juris-

diction * * * and the decision of the commissioner thereon shall be final; provided, in case the final action of said commissioner denies the right of the claimant to receive compensation from the fund * * * on the ground that the injury was self-inflicted, or on the ground that the injury was not received in the course of, and resulting from, his employment, or upon any other ground going to the basis of the claimant's rights, then the claimant may within ninety days after notice of the final action of such commissioner, apply for an appeal to the Supreme Court of Appeals''.

Section 57, Chapter 68, Acts 1925, reads:

> ''Should an injured employee, or in case of the death of an employee, his beneficiary, feel aggrieved at any award made by the workmen's compensation commissioner, the said employee, or his beneficiary in case of death, shall have the right of appeal to a commission, hereby created, to be composed of the governor, who shall be *ex-officio* chairman, the commissioner of health and the commissioner of labor. Either written or oral evidence by the party or parties aggrieved may be submitted to said commission, and after due consideration of the case in controversy a majority decision of the aforesaid commission shall be binding on the workmen's compensation commissioner, in the payment of compensation. Appeals from the decision of the commission shall lie with the supreme court of appeals.''

For the purpose of determining the proper rate of premium to be paid by a subscriber to the workmen's compensation fund, the compensation commissioner is instructed, under Section 18, Chapter 15-P, Code, as follows:

> ''(y) The commissioner shall keep an accurate account of all moneys paid or credited to the compensation fund, and of the liability incurred and disbursements made against same; and an accurate account of all money or moneys received from each individual subscriber, and of the liability incurred and disbursements made on ac-

count of injuries and death of the employees of each subscriber; and of the receipts and incurred liability of each schedule and class.

"In fatal cases and permanent disability cases exceeding eighty-five per centum disability, the amount charged against the employer's account shall be such sum as is estimated to be the average cost of such cases to the fund, providing the commissioner decides that the injury or injuries causing death or permanent disability was received in the course of and resulting from the employee's employment.

"(z) It shall be the duty of the commissioner to fix and maintain the lowest possible rates of premiums consistent with the maintenance of a solvent workmen's compensation fund and the creation and maintenance of a reasonable surplus in each schedule after providing for the payment to maturity of all liability incurred by reason of injury or death to employees entitled to benefits under the provisions of this act. A readjustment of rates shall be made yearly on the first day of October, or at any time same may be necessary.

"The commissioner may fix a rate of premium applicable alike to all subscribers forming a schedule or class and such rate shall be determined from the record of such schedule or class as shown upon the books of the commissioner; provided, that if any schedule has a sufficient number of employers with considerable difference in their degrees of hazard, the commissioner may fix a rate for each subscriber of such schedule, such rate to be based upon the subscriber's record on the books of the commissioner for the twelve months last ending June thirtieth of the year in which the rate is to become effective; and the liability part of such record shall include such cases as have been acted upon by the commissioner during said twelve months' period, irrespective of the date the injury was received; and any subscriber, in a schedule so rated, whose record for said twelve months' period cannot be obtained, shall be given a rate based upon his record for any part of said period or such rate as may be deemed just and equitable by the commissioner; and the commissioner shall have authority to fix a reasonable minimum and maximum for any schedule to which this individual

method of rating is applied, and to add to the rate determined from the subscriber's record such amount as may be necessary to liquidate any deficit in the schedule or to create a reasonable surplus.

"It shall be the duty of the commissioner whenever he changes any rate to notify every employer affected thereby of that fact and of the new rate and when the same takes effect. It shall also be his duty to furnish to each employer yearly, or oftener if requested by the employer, a statement giving the name of each of his employees who were paid for injury and the amount so paid during the period covered by the statement."

The Kelly Axe & Tool Company contends that its rate of premium will be increased by the commission's award, and that, being without other remedy, it is entitled to have the action of the commission reviewed by writ of certiorari from the circuit court. It may be that such relief will be granted in cases where the commission has proceeded without, or in excess of, its jurisdiction; but the case under consideration does not fall within that class. The petition filed by the Kelly Axe & Tool Company before the circuit court for the writ states that the claimant was injured in the course of his employment, while engaged in its service; that it was not notified of, nor given an opportunity to appear and contest, the appeal; and that it is without remedy to review the action of the commission save and except by the process of certiorari. The statute does not provide that the employer shall be a party to the investigation before the commissioner or commission. By subscribing to the workmen's compensation fund, the employer accepts and is bound by the provisions of the compensation act.

In *Courter* v. *Simpson Construction Co.*, 268 Ill. 488, 106 N. E. 350, the Supreme Court of Illinois, dealing with an act similar to ours, states:

"It seems clear the Legislature would have no power to deprive the parties of the right to have a court review the action of the board to the extent of determining whether the board had acted il-

legally or without jurisdiction. To deny a court review of those questions would violate the due process of law provision of the Constitution. Where the parties voluntarily elect to come within and be governed by the provisions of the act, it may well be they waive any constitutional right to trial by jury, and the action of the board, 'within its powers, * * * in the absence of fraud, be conclusive'. The industrial board has no jurisdiction to apply the act to persons or corporations who are not subject to its provisions nor to an accident not within the provision of the act. If it did so it would not be 'acting within its powers', and it would seem essential that there must be some remedy for a review by some proper court of the question whether the board acted within its powers. • No valid provision having been made in the act for such review, it does not follow that none can be had. We have no doubt the circuit courts have jurisdiction to issue the common-law writ of certiorari to review the decisions of the board for the purpose of determining whether it had jurisdiction or whether it had exceeded its powers and acted illegally.''

In the case of *Borgnis* v. *Falk Co.*, 147 Wis. 327, 133 N. W. 209, 37 L. R. A. N. S. 489, with respect to the finality of the decision of the compensation commission or board, it is said:

"The decision of such a board may be made conclusive when the board is acting within its jurisdiction, not otherwise. Hence the question of its jurisdiction is one always open to the courts for review. It cannot itself conclusively settle that question, and thus endow itself with power. If no appeal from its conclusions be provided, the question whether it has acted within or exceeded its jurisdiction is always open to examination and decision of the proper court by writ of certiorari. The instances where the question of jurisdiction of such bodies has been examined and decided in certiorari actions are so numerous that it seems unnecessary to cite them. In such cases it is considered that clear violations of law in reaching the result reached by the board, such as acting without

evidence when evidence is required, or making a
decision contrary to all the evidence, constitute
jurisdictional error, and will justify reversal of
the board's action, as well as the failure to take
the proper steps to acquire jurisdiction at the be-
ginning of the proceeding.''

We are not called upon to decide whether, under Section
57, Chapter 68, Acts 1925, the employer may appeal from
the order of the commission to this Court. If he can, cer-
tiorari will not lie, because it is appropriate only in cases
where there is no other remedy. If he cannot appeal, a
proper case for certiorari, involving want of jurisdiction,
has not been shown.

The peremptory writ of prohibition will be

*Awarded.*