# CHARLESTON.

HOWARD M. GORE, *Governor et al. v.* A. P. HUDSON, *Judge et al.*

(No. 5973)

Submitted April 20, 1927.    Decided April 26, 1927.

CERTIORARI—MASTER AND SERVANT—*Allegation Employee Gave False and Fraudulent Testimony Does Not Show Want or Excess of Jurisdiction of Compensation Commission, Justifying Certiorari (Acts, 1925, c. 68, § 57).*

> An allegation in a petition for certiorari from an award of the Compensation Commission on appeal from an award by the Compensation Commissioner, under Sec. 57, Chap. 68, Acts 1925, to the effect that the employee on the hearing gave false and fraudulent testimony as to the condition of his injury, does not show want of jurisdiction or excess of jurisdiction in the Commission to entertain the appeal or make an award; wherefore certiorari does not lie, and the court is without jurisdiction to entertain it.

Original proceeding by Howard M. Gore, Governor, and others, commissioners to hear appeals from awards of the Workmen's Compensation Commissioner, for prohibition to be directed to Hon. Arthur P. Hudson, Judge of the Circuit Court of Kanawha County, to prohibit further proceedings in which the Kelly Axe & Tool Company sought by certiorari to review a decision of the Appeal Commission.

*Writ awarded.*

*Howard B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for petitioners.

*Brown, Jackson & Knight,* for respondent Kelly Axe & Tool Co.

LIVELY, JUDGE:

This is an original proceeding by Howard M. Gore, Governor, W. T. Henshaw, State Commissioner of Health, and G. F. Daugherty, State Commissioner of Labor, constituting a commission to hear appeals from awards by the Workmen's Compensation Commissioner, seeking to prohibit the Hon. Arthur P. Hudson, Judge of the Circuit Court of Kanawha County, from further exercising jurisdiction in reviewing, pursuant to a writ of certiorari awarded by him to the Kelly Axe & Tool Company, a decision of the said Appeal Commission granting increased compensation to an employee of the Company, upon appeal from an award of the Compensation Commissioner; and to prohibit the said Company from taking any further action in its certiorari proceedings.

A case involving practically the same question and the same parties was decided by this court on March 1, 1927, at which time we awarded a peremptory writ of prohibition, holding that, "Awards made by the Compensation Commission, under section 57, chapter 68, Acts 1925, are not reviewable by writ of certiorari, except in cases where the commission has acted without or in excess of its jurisdiction." *Gore* v. *Hudson,* 103 W. Va. 295, 137 S. E. 229. A reference to that decision is made for a more complete statement of the facts involved in this controversy.

It is contended by counsel for the respondent Kelly Axe & Tool Company that the record in the instant proceeding presents a case which is readily distinguishable from that of *Gore* v. *Hudson, supra.* To support this contention the allegations contained in Section 3a of the Company's amended and supplemental petition for a writ of certiorari (the addition of this section was the only change made in its original petition), are relied upon. Section 3a reads as follows:

> "That, as your Petitioner is informed and believes, said McClaskie, prior to and at the time of said accident of June 20, 1925, had by reason of another accident some years prior to said date, only twenty per cent vision in said left eye; that

said vision in the left eye was only temporarily impaired by said later accident and was fully restored and recovered to said twenty per cent vision before said award and hearing by said Commission; that said McClaskie wilfully, fraudulently and untruthfully represented to said Commission that his vision in said left eye was permanently impaired by reason of said later accident and by reason of said accident had been reduced permanently to twenty per cent vision when as a matter of fact said vision in the left eye was not impaired at all by reason of said accident at the time when said Commission heard said appeal of McClaskie and was twenty per cent vision at said time; that the only evidence presented before said Commission was the oral testimony of said McClaskie; that said Commission made no investigation of said claim of McClaskie other than to hear the said oral testimony of McClaskie; that if it did have any jurisdiction to hear an appeal of said McClaskie and to make an award thereon, it exceeded its jurisdiction in making said award as for the loss of the left eye.''

We are unable to see in what way the addition of Section 3a, above quoted, presented a different case to the circuit court than did the original petition for a writ of certiorari which we held to be insufficient in *Gore* v. *Hudson, supra.* There are no averments of fact which, if true, compel the conclusion that the Appeal Commission in awarding the increased compensation to McClaskie acted without jurisdiction or in excess thereof. It is uncontroverted that the claimant was an employee of the respondent Company; that he received an injury to his eye in the course of his employment; and that the Company was a subscriber to the Workmen's Compensation Fund at such time. This made the case a proper one for the attention of the Compensation Commissioner and the Appeal Commission. The fact that the Appeal Commission in making the award may have considered only the record of the case from the files of the Compensation Commission (it is admitted in respondent Company's answer to the rule in prohibition that this record was examined), and the oral testimony of McClas-

kie, does not compel the conclusion that the Commission acted without jurisdiction or that it exceeded its jurisdiction. The statute governing such appeals—Section 57, Chap. 68, Acts 1925, provides in part that, ''* * * Either written or oral evidence by the party or parties aggrieved may be submitted to said Commission.'' The Commission may summons or hear other witnesses, but it is not required to do so. Nor would the fact that McClaskie may have obtained his award by reason of his allegedly fraudulent testimony justify us in saying that the Commission was without jurisdiction by reason of the alleged fraud practiced upon it. The case was a proper one for its consideration, and the character and weight of the testimony offered was not determinative of its jurisdiction. Likewise it was within the province of the Commission to ascertain whether or not McClaskie was still suffering from the injury sustained by him, at the time he appealed to it.

The petition for certiorari is insufficient to entertain it. The peremptory writ will be awarded.

*Writ awarded.*